IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WALTER BECK,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,<br><br>   Defendant. | CIVIL ACTION FILE NO.<br><br>1:14-CV-3130-WSD-GGB |

## FINAL REPORT AND RECOMMENDATION

On July 19, 2011, Plaintiff Walter Beck, Jr. ("Plaintiff"), filed applications for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI). Plaintiff's claims were denied initially and on reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on March 19, 2013. (Tr. 160-201). On June 11, 2013, the ALJ denied Plaintiff's claims. (Tr. 143-54). Thereafter, the Appeals Council (AC) denied Plaintiff's request for review. (Tr. 1-4). Plaintiff has exhausted his administrative remedies, and this case is ripe for judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

For the reasons set forth below, I **RECOMMEND** that the decision of the Commissioner be **REVERSED and REMANDED** for additional proceedings not inconsistent with this Report and Recommendation.

AO 72A
(Rev.8/82)

## I. **FACTS**

Plaintiff was 42 years old at the time of the ALJ's decision. (Tr. 154, 320). He had a high school education, (Tr. 351), and had worked in the past as a helicopter repairperson in the Army and a jewelry repair business owner. (Tr. 168, 175-76, 343). Plaintiff alleged disability beginning on January 1, 2010, (Tr. 320), due to post-traumatic stress disorder (PTSD), depression, hypertension, a broken right shoulder, insomnia, bladder control, poor memory, migraine headaches, and "lt forearm," (Tr. 351). After reviewing the evidence and hearing testimony, the ALJ found that Plaintiff had severe impairments, but none that met or medically equaled a listing. (Tr. 145-47). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light work. (Tr. 147-52). Based on Plaintiff's age, education, work history, RFC, and vocational expert (VE) testimony, the ALJ found Plaintiff could perform jobs existing in significant numbers in the national economy. (Tr. 153-54). Therefore, the ALJ found Plaintiff not disabled. (Tr. 154).

Neither party disputes the ALJ's recitation of Plaintiff's medical history. (Tr. 148-52). The primary issue in this case, and the one on which I recommend remand, concerns the ALJ's evaluation of the opinion evidence from Plaintiff's

2

treating psychiatrist, Marina Demetrashvili, M.D.  Therefore, the only evidence I discuss in detail relates to that issue.

Marina Demetrashvili, M.D., completed a Medical Source Statement on April 8, 2012.  (Tr. 848-50).  In the portion of the form titled "Making Occupational Adjustment," she opined that Plaintiff has poor or no ability to: 1) follow rules; 2) relate to coworkers; 3) deal with the public; 4) use judgment; 5) interact with supervisors; 6) deal with work stress; 7) function independently; or 8) maintain attention and concentration.  (Tr. 848-49).  In response to the request on the form to describe the limitations and include the medical/clinical findings to support the assessment, Dr. Demetrashvili wrote, "Patient with mood disorder and PTSD remains irritable, anxious, [and] has low capacity to deal with stress and restrictions."  (Tr. 849).

On the portion of the form headed "Making Performance Adjustments," Dr. Demetrashvili checked boxes to indicate that Plaintiff had a good or fair ability to understand, remember, and carry out simple job instructions, a fair ability as to detailed but not complex instructions, and poor to no ability as to complex job instructions.  In that part of the form, she wrote, "Patient has severe concentration difficulties and forgetfulness that limit[] his ability to focus on job instructions."

3

(Tr. 849). As to "Making Personal Social Adjustments" she checked "fair" in the categories of "behave in an emotionally stable manner," "relate predictably in social situations," and "demonstrates reliability." (Tr. 850). "Fair" was defined as "Ability to function in this area is seriously limited." (Tr. 848).

On April 18, 2012, Dr. Demetrashvili completed a form that related to the criteria of Listing 12.04 Affective Disorders. (Tr. 851-54). On that form, she circled answers indicating that Plaintiff had depressive syndrome characterized by anhedonia; appetite disorders; sleep disturbance; decreased energy; feelings of guilt or worthlessness; and difficulty concentrating or thinking. (Tr. 851). In relation to manic syndrome, Dr. Demetrashvili indicated that Plaintiff exhibited hyperactivity; flight of ideas; and easy distractibility. (Tr. 852).

Dr. Demetrashvili also indicated on the form that Plaintiff had Bipolar Syndrome. (Tr. 852). She opined that Plaintiff had moderate to marked restriction of activities of daily living; marked to extreme difficulties in maintaining social functioning; marked deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner; and three episodes of decompensation. (Tr. 853). She wrote that Plaintiff has a history of mood disorder NOS, R/O Bipolar Disorder, and PTSD. He was treated with

4

psychotropic medications but remained depressed and his condition prevented him from engaging in gainful employment. (Tr. 854).

On May 29, 2012, Dr. Demetrashvili completed a form that addressed the criteria of Listing 12.06 Anxiety-Related Disorders. In it, she noted that Plaintiff has medically documented persistent anxiety accompanied by motor tension, autonomic hyperactivity, apprehensive expectations, and vigilance and scanning. He had recurrent and intrusive recollections of a traumatic experience, which is a source of marked distress. He had marked restriction of activities of daily living; marked difficulties in maintaining social functioning; and marked deficiencies in concentration, persistent or pace resulting in a failure to complete tasks in a timely manner (in work settings or elsewhere). He had repeated episodes of deterioration in work or work-like settings which cause the individual to withdraw from the situation and/or experience exacerbation of signs and symptoms (which may include deterioration and adaptive behaviors). (Tr. 1321).

## II. FIVE STEP ANALYSIS AND STANDARD OF REVIEW

Under the regulations promulgated by the Commissioner, a five-step sequential analysis must be followed when evaluating a disability claim. 20 C.F.R. § 404.1520(a). This analysis is as follows:

1. The ALJ first determines whether the applicant is currently working; if so, the claim is denied.

2. The ALJ determines solely on the basis of the medical evidence whether the claimed impairment is "severe"; that is, an impairment or combination of impairments which significantly limits the claimant's physical or mental ability to do basic work activities; if not, the claim is denied.

3. The ALJ decides, again, only using medical evidence, whether the impairment equals or exceeds in severity certain impairments described in the Commissioner's Listing of Impairments; if it does, the claimant is automatically entitled to disability benefits.

4. The ALJ considers whether the applicant has sufficient "residual functional capacity" ("RFC"), defined as what an individual "can still do despite his limitations," to perform the claimant's past work; if so, the claim is denied.

5. The ALJ decides, on the basis of the claimant's age, education, work experience, and RFC, whether the claimant can perform any other gainful and substantial work within the economy.

20 C.F.R. § 404.1520.

In reviewing the Commissioner's decision, this court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court's only role is to determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982). "Substantial evidence" means such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). Substantial evidence is not present, however, if the ALJ "does not have before him sufficient facts on which to make an informed decision." Ford v. Sec'y of Health and Human Servs., 659 F.2d 66, 69 (5th Cir. Unit B 1981).

### III. **DISCUSSION**

Plaintiff argues that the ALJ failed to properly evaluate the medical opinions of Dr. Demetrashvili. I agree with Plaintiff's argument.

Under the Commissioner's rules and regulations, the medical opinion of a treating physician "must be given controlling weight, *i.e.*, it must be adopted" if it is "well-supported and not inconsistent with the other substantial evidence in the

case record." Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *1 (S.S.A. July 2, 1996); accord 20 C.F.R. § 404.1527(c)(2) ("If we find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."). The Court of Appeals for the Eleventh Circuit has repeatedly stated that the opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)); see also Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 1000 (11th Cir. 1987); Sharfarz v. Bowen, 825 F.2d 278, 279-80 (11th Cir. 1987); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987); McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987); MacGregor, 786 F.2d at 1053.

Good cause for rejecting an opinion exists when "the: (1) treating physician's opinion [is] not bolstered by the evidence; (2) evidence support[s] a contrary finding; or (3) treating physician's opinion [is] conclusory or inconsistent with the doctor's own medical records." Phillips, 357 F.3d at 1241; see also Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). To ensure that proper

8

weight is accorded to the opinion of a treating physician, the Commissioner must provide "explicit and adequate" reasons for rejecting that opinion. Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)[1]; see also Phillips, 357 F.3d at 1241 (requiring the ALJ to "clearly articulate its reasons" when electing to disregard the opinion of a treating physician).

Here, the ALJ stated that he gave little weight to the opinions of Dr. Demetrashvili[2] because:

> [T]hey are not supported by the medical evidence of record, which shows a good level of adaptive functioning. The claimant is able to use public transportation, form new personal relationship, regularly attend medical appointments and relate in a calm and cooperative manner with medical providers.

(Tr. 151).

The ALJ's observations about Plaintiff's activities and demeanor are not a valid basis to reject the medical opinion of Dr. Demetrashvili. The court has no

---

[1] The Eleventh Circuit noted in Elam that the "provisions of the Railroad Retirement Act are so closely analogous to those of the Social Security Act that regulations interpreting the latter are applicable to the former." Elam, 921 F.2d at 1213.

[2] Although not a point argued by the Plaintiff, the ALJ did not refer to Dr. Demetrashvili as a treating physician or to the regulations applicable to the opinions of treating physicians. It is therefore not clear from the ALJ's opinion that he even knew that Dr. Demetrashvili was a treating physician.

9

basis to assume that Dr. Demetrashvili did not take Plaintiff's activities and demeanor into consideration, and there is no clear inconsistency between Plaintiff's activities and demeanor and Dr. Demetrashvili's professional opinions about Plaintiff's condition.  See Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982) (stating that the ALJ cannot substitute his judgment for that of the medical experts); Hillsman v. Bowen, 804 F.2d 1179, 1182 (11th Cir. 1986) (remanding where the ALJ improperly rejected the opinion of the treating physician simply because the ALJ "reached a different conclusion after reviewing the medical records").

Also, the ALJ inaccurately stated in his opinion that "[n]o treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." (Tr. 146).  In fact, Dr. Demetrashvili's opinions, discussed above, were that Plaintiff had impairments that met the criteria under Listing 12.04 (Affective Disorders) (Tr. 851-53) and Listing 12.06 (Anxiety-Related Disorders) (Tr. 1320-22).

## V. CONCLUSION

For the foregoing reasons, I **RECOMMEND** that this matter be **REVERSED and REMANDED** under sentence four of 42 U.S.C. § 405(g) for

further proceedings consistent with this opinion.  The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO RECOMMENDED**, this 12th day of August, 2015.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE